TANNER, APPELLANT, v. TOWNSEND, APPELLEE.

PRESUMPTION ON REVIEW.

When the record does not purport to contain all the evidence, it will be conclusively presumed that the judgment was warranted by the proof.

*Appeal from the District Court of Montrose County.*

Mr. A. MACON, for appellant.

Messrs. SHERMAN & TWITCHELL, for appellee.

THOMSON, J., delivered the opinion of the court.

T. B. Townsend, a hardware merchant in Montrose, brought his action against R. T. Jones and Stephen J. Tanner to recover the value of a bill of merchandise which the plaintiff, as he alleged, had at different times sold to them. The defendants, when the goods were purchased, were copartners, engaged in the business of farming, and the purchases chiefly consisted of articles used in the repair of farming machinery. The cause was tried by the court, which found that the purchases were made on account of

Jones & Tanner as copartners, and rendered judgment against them for $483.32, the amount of the claim and interest. From this judgment the defendant Tanner appealed, and assigns for error that no judgment was authorized by the evidence, and that it was shown that the principal portion of the goods was purchased on account of the firm of Jones, Tanner & Kerr, and not that of Jones & Tanner.

The evidence which has been preserved is not as clear and satisfactory as might be desired, but on the whole it tends to prove the purchase of the goods. From the testimony of the defendant Jones, it may be fairly gathered that the bill sued upon was correct, in so far as the items of which it was composed, and their values, are concerned ; and if there had been no other evidence than that which the bill of exceptions sets forth, we would not feel authorized to disturb the judgment on the ground of want of evidence to prove the sales. But the record does not purport to contain all the evidence. Indeed, it is disclosed that a large number of letters between Jones and Tanner were introduced, which the record does not contain. Therefore, if the judgment is against the right parties, it is not subject to review upon the evidence.

A considerable portion of the goods were used upon, and in the repair of, a binding machine. It was testified that this machine was the property of the defendants and one Kerr, who did business under the firm name of Jones, Tanner & Kerr ; and it is contended that as to the articles which were purchased for the binder, it was error to render judgment against Jones & Tanner. There was evidence tending to show that, when the goods were sold, the plaintiff had no knowledge of the existence of the firm of Jones, Tanner & Kerr ; that he had had prior dealings with Jones & Tanner, and was not informed by them when the articles were purchased that they were not for the use of their firm, but, from the manner of the purchases, had a right to suppose that the goods were for Jones & Tanner. If such were the circumstances attending the sales, it would be manifestly unjust to permit Jones & Tanner to shield themselves be-

hind Jones, Tanner & Kerr, and escape liability, because, as a matter of fact, the goods were used upon the latter firm's machine. But, independently of this consideration, there is no reason why the defendants might not have incurred the debt upon their own account, notwithstanding the machine did not belong to their firm. Some agreement with the other firm might have required them to be at the expense of the repair of the machine. What light the absent evidence would have thrown upon the question of the liability of Jones & Tanner, or to what extent the judgment of the court was influenced by it, we have, of course, no means of knowing. Even if the facts to which we have access were insufficient to establish any claim against the defendants, still, by reason of the incompleteness of the record, we are concluded by the presumption that the judgment was warranted by the evidence, and it will therefore be affirmed.

*Affirmed.*